**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2964
_____

UNITED STATES OF AMERICA

v.

STATE OF NEW JERSEY; NEW JERSEY
CIVIL SERVICE COMMISSION,


*Francisco Brito, et al.,
Appellants

*(Pursuant to Fed. R. App. P. 12(a))


_____

On Appeal from the United States District Court for the District of New Jersey
(Case No. 2-10-cv-00091)
District Judge: Honorable Katharine S. Hayden
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 10, 2013
_____


Before: SLOVITER, FUENTES, and ROTH, Circuit Judges.

(Opinion Filed: June 13, 2013)
_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge:

On June 12, 2012, the Honorable Katharine S. Hayden of the United States District Court for the District of New Jersey approved a consent decree ("Decree") between the United States and the State of New Jersey and the New Jersey Civil Service Commission ("NJCSC," and together with the State of New Jersey, the "State" ). The Decree was the end result of a complaint that the United States had filed against the State in 2010 alleging that the NJCSC's selection process for police sergeant positions had a disparate impact on African American and Hispanic applicants in violation of Title VII of the Civil Rights Act of 1964. The Decree requires the State to take actions such as obtaining pre-approval from the United States before certifying candidates for police sergeant promotions; establishing a new examination and promotion process for police sergeants; and providing back pay for eligible claimants.

Prior to reaching this settlement, the parties engaged in extensive discovery, exchanged expert reports on disparate impact, job-relatedness and validity, and engaged in settlement conferences before the Honorable Michael A. Shipp. The parties twice amended the contents of the original consent decree, and a fairness hearing was held on March 12, 2012 before Judge Hayden. Objectors to the Decree were invited to submit any written objections by January 27, 2012, and had the right to appear and voice objections at the fairness hearing. Over 400 objections were received and most of the fairness hearing was devoted to hearing from objectors.

On February 9, 2012, twenty-seven police officers employed by the City of Paterson, New Jersey (the "Objectors") filed a motion to intervene as of right, a motion for discovery, and a motion for a preliminary injunction. The Objectors also submitted objections to the Decree. On March 8, 2012, the Objectors also filed a motion for postponement of the initial fairness hearing. On that same day, the District Court denied the motion for discovery, for a preliminary

2

injunction, and for postponement of the fairness hearing, but ordered the motion to intervene to be heard at the fairness hearing.

After conducting the fairness hearing, the District Court found, in a thoughtful and extensive written opinion, that the Decree is fair, adequate, reasonable and consistent with the law. After properly considering the totality of the circumstances, the District Court also denied the Objectors' motion to intervene as untimely since it was filed at a time when the notice for objections had already closed and at a point that would unduly prejudice the parties.

The appellants in this matter consist of the Objectors and of another group of police officers affected by the Decree who objected to the Decree at the fairness hearing but did not move to intervene (the "Non-Intervenors"). We have jurisdiction over the appeal of the Objectors pursuant to 28 U.S.C. § 1291. However, we do not have jurisdiction over the appeal of the Non-Intervenors, as they are not parties to the proceedings in the District Court. United States v. Stoerr, 695 F.3d 271, 275-76 (3d Cir. 2012). Although non-parties to a district court's proceedings may appeal under certain circumstances, Binker v. Pennsylvania, 977 F.2d 738, 745-47 (3d Cir. 1992), we do not find such circumstances present here, as the Non-Intervenors had an opportunity to intervene as parties but declined to do so. Therefore, we proceed only as to the Objectors' appeal.

We review a district court's denial of a motion to intervene for abuse of discretion but apply a more stringent standard to denials of intervention as of right. Benjamin ex rel. Yock v. Dep't of Pub. Welfare of Pennsylvania, 701 F.3d 938, 947 (3d Cir. 2012). "We will reverse a district court's determination on a motion to intervene of right if the court applied an improper standard or reached a decision that we are confident is incorrect." Id. (internal citations omitted). We review the judgment of a district court to approve a consent decree for abuse of discretion.

3

<u>In re Tutu Water Wells CERCLA Litig.</u>, 326 F.3d 201, 207 (3d Cir. 2003).  Parties challenging a district court's decision to approve a consent decree bear a heavy burden.  <u>Id.</u> (internal citations omitted).

On appeal, the Objectors challenge the District Court's denial of their motion to intervene and the approval of the Decree.  They argue that the United States has not sufficiently shown that the State's promotion procedures had a disparate impact on African American and Hispanic applicants in Paterson, and that the Decree violates their constitutional rights to equal protection and due process.

After carefully reviewing the record and the arguments on appeal, we find no basis for disturbing the District Court's well-reasoned and thorough opinion.   We agree that the Decree represents a settlement that is fair, adequate, reasonable, and consistent with the law.  We also agree that the Objector's motion to intervene was untimely, and, therefore, properly denied.  Accordingly, we hereby affirm substantially for the reasons stated by Judge Hayden in her opinion.